

# PARKER McCAY

Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-5054

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

Elizabeth M. Garcia, Esquire
P: 856-985-4038
F: 856-494-1724
egarcia@parkermccay.com

October 23, 2017

File No. 13672-0017

**ELECTRONICALLY FILED**
Clerk
United States District Court
Mitchell H. Cohen Bldg. & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

    Re:   **Harris, Barbara v Rehab Clinics (SPT), et al**
            **Docket No. BUR-L-1836-17**

Dear Sir/Madam:

    Enclosed please find the following documents on behalf of the Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover, pursuant to the above-referenced matter.

        1.    Civil Cover Sheet;

        2.    Notice of Removal;

        3.    Notice of Filing of Removal;

        4.    Certification of Service and Proof of Mailing; and

        5.    Filing fee (credit card).

    By copy of this letter, I am serving copies of the enclosed to all parties.

                  Respectfully submitted,

                  BY:   */s/ Elizabeth M. Garcia*
                          ELIZABETH M. GARCIA

EMG/lms
Enclosures
cc:    John F. Pilles, Jr., Esquire
       Civil Processing Clerk, Burlington County Superior Court *(via regular mail)*
       Melinda Shenck, Litigation Coordinator

4827-2495-4450, v. 1

## COUNSEL WHEN IT MATTERS.℠

Mount Laurel, New Jersey | Hamilton, New Jersey | Atlantic City, New Jersey

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Barbara A. Harris | The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover |

**(b)** County of Residence of First Listed Plaintiff    Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Burlington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John F. Pilles, Jr., Esquire
Lumberton Holly Office Center
774 Eayrestown Road, Suite L1, Lumberton, NJ 08048

Attorneys *(If Known)*
Elizabeth M. Garcia, Esquire of Parker McCay P.A.
9000 Midlantic Drive, Suite 300
PO Box 5054, Mount Laurel, NJ 08054-5054

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
|     & Enforcement of Judgment |     Slander      Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |     Liability    ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
|     Student Loans | ☐ 340 Marine      Injury Product | | |     Corrupt Organizations |
|     (Excludes Veterans) | ☐ 345 Marine Product      Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -      Product Liability |     Leave Act | | ☐ 895 Freedom of Information |
| |     Medical Malpractice | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | |     26 USC 7609 |     Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General | | |     State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other    ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq and the New Jersey Law Against Discrimination ("L.A.D."), N.J.S.A. 10:5-1, et seq
Brief description of cause:
Alleged discrimination claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE The Honorable Susan A. Claypoole JSC    DOCKET NUMBER BUR-L-1836-17

DATE
10/23/2017

SIGNATURE OF ATTORNEY OF RECORD
s/ Elizabeth M. Garcia, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

File No. 13672-0017

**Law Offices**
**PARKER McCAY P.A.**
**Elizabeth E. Garcia, Esquire**
**ID No. 015562000**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey  08054-5054**
**(856) 596-8900**
Attorneys for Defendants, The Select Medical Corporation, Novacare Rehabilitation and
Kelly Kover

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARBARA A. HARRIS,<br><br>       Plaintiff,<br><br>       v.<br><br>THE SELECT MEDICAL<br>CORPORATION; NOVACARE<br>REHABILITATION; KELLY KOVER,<br>JOHN DOE AND RICHARD DOE<br><br>       Defendant(s). | CIVIL ACTION NO.<br><br>       CIVIL ACTION<br><br><br>**NOTICE OF REMOVAL**<br>**(FEDERAL QUESTION)**<br><br>**(FORMALLY:**<br>**SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**BURLINGTON COUNTY**<br>**DOCKET NO.  BUR-L-1836-17)** |

Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover (hereinafter "Defendants"), hereby give notice to the Court, pursuant to 28 U.S.C. §1441, of the removal of this action which has been pending in the Superior Court of New Jersey, Law Division, Burlington County, under Docket No. BUR-L-1836-17. The removal to this Court, Camden Vicinage, is proper for the reasons set forth below:

1. Defendants exercise their rights pursuant to 28 U.S.C. §1441 to remove this
   civil action to the United States District Court for the District of New Jersey.

Removal is proper because Plaintiff, Barbara A. Harris, alleges violations of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101, et seq.

2. On or about September 18, 2017, Plaintiff commenced the above-captioned action by filing a civil Complaint in the Superior Court of New Jersey, Law Division, Burlington County, Docket No. BUR-L-1836-17.

3. Defendants, The Select Medical Corporation and Novacare Rehabilitation were served on or about October 2, 2017, and Defendant, Kelly Kover was served on or about October 5, 2017.

4. A copy of the Complaint is annexed hereto as Exhibit A.

5. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6. Plaintiff's claims or causes of action are ones over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and §1343(a)(3), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441 in that Plaintiff's Complaint is based, in part, on allegations that Defendants violated the ADA, 42 U.S.C. § 12101, et seq.

7. The remaining Counts alleged under State law, specifically, the New Jersey Law Against Discrimination Act, are sufficiently related to ADA discrimination claims that they form part of the same case or controversy within the meaning of 28 U.S.C. §1367(a) and, therefore, to the extent that

LAW OFFICE
PARKER McCAY P.A.

2

any of these claims might sound of State law, this Court has supplemental jurisdiction over those claims.   These causes of actions are properly removable to this Court pursuant to 28 U.S.C. §1441(a), §1367(a), and §1446. See, Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed 2d 720 (1988) (supplemental jurisdiction enables Federal Courts to hear State law claims over which there is no independent basis for jurisdiction).

8.   Upon the filing of this Notice of Removal, Defendants shall give written notice thereof to the Plaintiff's counsel, and Defendants shall file copies of said Notice and Notice of Filing of Removal, with the Superior Court of New Jersey, Law Division, Burlington County.   A copy of the Notice of Filing of Removal is annexed hereto as Exhibit B.

9.   By filing this Notice, Defendants do not waive any defenses that may be available to them.

**WHEREAS**, the Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover, remove the above-captioned action now pending against them in the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

**PARKER McCAY P.A.**
Attorneys for Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover

By: *s/Elizabeth M. Garcia*
ELIZABETH M. GARCIA, ESQUIRE

Dated:  October 23, 2017

# Exhibit "A"



Duly Served

10/CC 20 17

JEAN E. STANFIELD
SHERIFF

I hereby dep... and appoint
Sgt. Joshua Hall
my Spec... dep... to serve this Writ
With... my ... and and seal
This 28 day of Septem... 20

JEAN E. STANFIELD
SHERIFF (SEAL)

BRYAN H. NORCROSS
UNDERSHERIFF (SEAL)

Viviana Milano

JOHN F. PILLES, JR., ESQ.
Attorney I.D. No. 014801979
Lumberton Holly Office Center
774 Eayrestown Road, Suite L1
Lumberton, New Jersey 08048
Telephone:  (609) 267-7711
Telefacsimile: (609) 267-9303
Attorney for Plaintiff

|  |  |  |
|---|---|---|
| BARBARA A. HARRIS, | : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION |
| Plaintiffs, | : | BURLINGTON COUNTY |
| vs. | : | DOCKET NO. BuR-L-1836-17 |
| THE SELECT MEDICAL CORPORATION, | : | CIVIL ACTION |
| a Delaware Corporation; NovaCare<br>REHABILITATION, a part of the Select Medical<br>Outpatient Division; KELLY COVER, Regional Director;<br>and JOHN DOE and RICHARD ROE, currently<br>unknown representatives/agents for<br>NovaCare Rehabilitation, | : | |
|  | : | SUMMONS |
| Defendants. | : | |

The State of New Jersey to the above named Defendant(s):

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named Plaintiff(s), and required to serve upon the attorney(s) for the Plaintiff(s), whose name and office address appears above, an Answer to the annexed Complaint within thirty-five (35) days after the Service of the Summons and Complaint upon you, exclusive of the day of Service. If you fail to Answer, Judgment by Default may be rendered against you for the relief demanded in the Complaint. You shall promptly file your Answer and Proof of Service thereof in duplicate with the Clerk of the Superior Court at the Burlington County Vicinage located at 49 Rancocas Road, Mount Holly, NJ (08060), in accordance with the rules of Civil Practice and procedure. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer when it is filed. You must also

answer when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you can not afford to pay an attorney, call a legal services office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).. The phone numbers for the County in which this action is pending are: Lawyer Referral Service, (609) 261-4862, Legal Services Office, (609) 261-1088.

Dated: August 21, 2017

_Michelle M. Smith  /s/_
Michelle M. Smith, Clerk of the Superior Court

Name of defendant to be served:

Select Medical Corporation
c/o NocaCare Rehabilitation Center
Victoria Milano, Center Manager

Address for Service:

1805 Route 206
Southampton, New Jersey 08088

JOHN F. PILLES, JR., ESQ.
Attorney I.D. No. 014801979
Lumberton Holly Office Center
774 Eayrestown Road, Suite L1
Lumberton, New Jersey 08048
Telephone:  (609) 267-7711
Telefacsimile: (609) 267-9303
Attorney for Plaintiff

2017 DEC 18  P 2 04

---

BARBARA A. HARRIS,

               Plaintiffs,

vs.

THE SELECT MEDICAL CORPORATION,
a Delaware Corporation; NovaCare
REHABILITATION, a part of the Select Medical
Outpatient Division; KELLY COVER, Regional Director;
and JOHN DOE and RICHARD ROE, currently
unknown representatives/agents for
NovaCare Rehabilitation,

               Defendants.

---

      :    SUPERIOR COURT OF NEW JERSEY
           LAW DIVISION
      :    BURLINGTON COUNTY

      :

           DOCKET NO. Bur-L-1836-17

      :

           CIVIL ACTION

      :

      :

           SUMMONS

      :

---

The State of New Jersey to the above named Defendant(s):

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above

named Plaintiff(s), and required to serve upon the attorney(s) for the Plaintiff(s), whose name and office address appears

above, an Answer to the annexed Complaint within thirty-five (35) days after the Service of the Summons and Complaint

upon you, exclusive of the day of Service.  If you fail to Answer, Judgment by Default may be rendered against you for the

relief demanded in the Complaint.  You shall promptly file your Answer and Proof of Service thereof in duplicate with the

Clerk of the Superior Court at the Burlington County Vicinage located at 49 Rancocas Road, Mount Holly, NJ (08060), in

accordance with the rules of Civil Practice and procedure. A filing fee payable to the Clerk of the Superior Court and a

completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your

send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you can not afford to pay an attorney, call a legal services office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).. The phone numbers for the County in which this action is pending are: Lawyer Referral Service, (609) 261-4862, Legal Services Office, (609) 261-1088.

Dated: August 21, 2017                    _Michelle M. Smith_ /s/ _____
                                          Michelle M. Smith, Clerk of the Superior Court

Name of defendant to be served:          Kelly Kover, Reginal Director
                                         Select Medical Corporation
                                         c/o Novacare Rehabilitation Center

Address for Service:                     Larchmont Commons Shopping Center
                                         3115 Route 38, Suite 300
                                         Mt. Laurel, New Jersey 08088

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
1201 Bacharach Blvd.
Atlantic City, N.J. 08401
LAWYER REFERRAL 609-345-3444
LEGAL SERVICES    609-348-4200

BERGEN COUNTY:
Clerk  Superior Court
Justice Center, 10 Main St. Room 115
Hackensack, NJ  07601-0769
LAWYER REFERRAL 201-488-0044
LEGAL SERVICES 201-487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
49 Rancocas Road
Mt. Holly, NJ  08060
LAWYER REFERRAL 609-261-4862
LEGAL SERVICES 800-496-4570

CAMDEN COUNTY:
Clerk Superior Court, Civil
101 S. Fifth St, Suite 150
Camden, NJ  08103
LAWYER REFERRAL 856-964-4520
LEGAL SERVICES 856-964-2010

CAPE MAY COUNTY:
Central Processing Office
9 N. Main St.
Cape May Court House, NJ 08210
LAWYER REFERRAL 609-463-0313
LEGAL SERVICES 609-465-3001

CUMBERLAND COUNTY:
Clerk Superior Court, Civil Case Management
P.O. Box 10
Bridgeton, N.J. 08302
LAWYER REFERRAL 856-696-5550
LEGAL SERVICES 856-691-0494

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
71 Monument Park, P.O. Box 1262
Freehold, NJ  07728-1262
Lawyer Referral 732-431-5544
Legal Services 732-866-0020

MORRIS COUNTY:
Clerk Superior Court, Civil Division
P.O. Box 910, Washington & Court Sts.
Morristown, NJ  07960-0910
LAWYER REFERRAL 973-267-5882
LEGAL SERVICES 973-285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
118 Washington St Rm 121, P.O. Box 2191
Toms River, NJ  08754
LAWYER REFERRAL 732-240-3666
LEGAL SERVICES 732-341-2727

PASSAIC COUNTY:
Clerk Superior Court, Civil Division
77 Hamilton St.
Paterson, NJ  07505
LAWYER REFERRAL 973-278-9223
LEGAL SERVICES 973-345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market Street
Salem, NJ  08079
LAWYER REFERRAL 856-935-5629
LEGAL SERVICES 856-451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
465 Dr. Martin Luther King Jr. Blvd, Rm 201
Newark, NJ  07102
LAWYER REFERRAL 973-622-6204
LEGAL SERVICES 973-624-4500

GLOUCESTER COUNTY:
Clerk Superior Court, Attn: Intake, 1st Floor
1 N. Broad St.
Woodbury, NJ  08096
LAWYER REFERRAL 856-848-4589
LEGAL SERVICES 856-848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Brennan Court House, 1st Floor
583 Newark Ave.
Jersey City, NJ  07306
LAWYER REFERRAL 201-798-2727
LEGAL SERVICES 201-792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division, 65 Park Ave.
Flemington, NJ  08862
LAWYER REFERRAL 908-735-2611
LEGAL SERVICES 908-782-7979

MERCER COUNTY:
Clerk Superior Court, Local Filing Office
175 South Broad St., P.O. Box 8068
Trenton, NJ  08650
LAWYER REFERRAL 609-585-6200
        LEGAL SERVICES 609-695-6249

MIDDLESEX COUNTY:
56 Paterson St, P.O. Box 2633
New Brunswick, NJ  08903
LAWYER REFERRAL 732-828-0053
LEGAL SERVICES 732-249-7600

SOMERSET COUNTY:
Clerk Superior Court, Civil Division
P.O. Box 3000
Somerville, NJ  08876
LAWYER REFERRAL 908-685-2323
LEGAL SERVICES 908-231-0840

SUSSEX COUNTY:
Clerk Superior Court, Judicial Center
43-47 High Street
Newton, NJ  07860
LAWYER REFERRAL 973-267-5882
LEGAL SERVICES 973-383-7400

UNION COUNTY:
Clerk Superior Court, Court House
2 Broad Street, 1st Fl.
Elizabeth, NJ  07207
LAWYER REFERRAL 908-353-4715
LEGAL SERVICES 908-354-4340

WARREN COUNTY:
Clerk Superior Court, Civil Division
413 Second Street
Belvidere, NJ  07823-1500
LAWYER REFERRAL 973-267-5882
LEGAL SERVICES 908-475-2010

JOHN F. PILLES, JR., ESQ.
Attorney I.D. No. 014801979
Lumberton Holly Office Center
774 Eayrestown Road, Suite L1
Lumberton, New Jersey 08048
Telephone: (609) 267-7711
Telefacsimile: (609) 267-9303
Attorney for Plaintiff

| | |
|---|---|
| BARBARA A. HARRIS, | :    SUPERIOR COURT OF NEW JERSEY |
| |      LAW DIVISION |
| Plaintiffs, | :    BURLINGTON COUNTY |
| | : |
| vs. |     DOCKET NO. BUR-L-1836-17 |
| | : |
| THE SELECT MEDICAL CORPORATION, |     CIVIL ACTION |
| a Delaware Corporation; NOVACARE | |
| REHABILITATION, a part of the Select Medical | : |
| Outpatient Division; KELLY KOVER, Regional Director; | |
| and JOHN DOE and RICHARD ROE, currently | :    VERIFIED COMPLAINT |
| unknown representatives/agents for |      AND JURY DEMAND |
| NovaCare Rehabilitation, | : |
| | |
| Defendants. | : |

The plaintiff, as and for her complaint against the defendants above captioned, says:

PARTY IDENTIFICATION

1.     The plaintiff, Barbara A. Harris (hereinafter "Harris"), currently resides at 13 Stanwood

Court in the Township of Medford, Burlington County, New Jersey.

2.     The defendant, Select Medical Corporation (hereinafter "Select Medical"), is a

corporation organized and existing pursuant to the laws for the State of Delaware which principle

executive offices are located at 4714 Gettysburg Road in the Borough of Mechanicsburg, Cumberland

County, Pennsylvania.

3.      The defendant, NovaCare Rehabilitation (hereinafter "NovaCare"), is a division of Select Medical operating speciality hospitals and outpatient rehabilitation clinics in thirty-seven (37) States and the District of Columbia, most notably including a center located at 1805 Route 206 in the Township of Southampton, Burlington County, New Jersey (hereinafter "Southampton Center").

4.      The defendant, Kelly Kover (hereinafter "Kover"), is employed by defendants as Regional Director supervising sixteen (16) NovaCare clinics in the counties of Burlington, Camden and Mercer.

5.      The inclusion within this litigation of defendants, John Doe and Richard Roe, reference those individuals presently unknown to the plaintiff, who advised, collaborated, contributed, participated and/or encouraged the wrongful actions taken against the plaintiff sought to be vindicated by this litigation; and these defendants are sued both/either in their personal capacity for conduct ultra vires their appointed positions and/or in their appointed capacity as actors functioning as agents of the corporate business.

FACTUAL ALLEGATIONS

6.      Harris commenced her employment with NovaCare in or about February 1992 as a Patient Service Specialist having previously been employed by Mark Butler's Physical Therapy Center which business was acquired by defendants with understanding that Harris would continue employment.

7.      Harris underwent surgery circa October 24, 2016 for lumbar fusion and Laminectomy; and said plaintiff required absence from employment until January 2017.

8.      Upon plaintiff's return to work in January 2017, she was assigned to work eleven (11) hours [from 8:00 a.m. to 7:00 p.m. with a one (1) hour unpaid lunch period] on Mondays, Wednesdays and Thursdays; and she was required to work five (5) hours [from 8:00 a.m. to 1:00

p.m.].

9.      Upon the advise of her physician, Harris repeatedly requested handicapped accommodation for her spinal condition by reduction of daily work hours assignment; and this request was motivated since plaintiff's physician wanted to avoid Harris sitting in a chair for excessive hours.

10.      Kover declined to address, much less accommodate, plaintiff's handicapped condition.

11.      Upon information and belief, Harris was one of the highest paid Patient Service Specialists employed by NovaCare due to her work longevity; and at all times relevant herein, Harris' birth date is May 28, 1960 thereby making her fifty-seven (57) years old at all times relevant herein..

12.      Harris reported late for work on Monday, June 12, 2017 due to adverse traffic conditions; and she arrived at the Southampton Center at approximately 8:10 a.m. after hastily parking her motor vehicle within its parking lot.

13.      Kover was not present at the Southampton Center when Harris initially arrived, but he did eventually appear at the Southampton Center approximately two (2) hours later that same morning.

14.      Kover thereupon terminated Harris for allegedly appearing for work intoxicated.

15.      Kover contacted law enforcement supposedly to ensure that Harris returned safely to her home prompting a visit by Medford Township police officers to the Harris residence at which time the plaintiff was interviewed by same law enforcement officers.

16.      Notwithstanding the fact that law enforcement was notified by Kover that Harris was terminated from employment for being intoxicated and operated her own motor vehicle to return home, the investigating police officers did not effectuate an arrest for violation of N.J.S.A. 39:4-50 presumably because Harris did not exhibit physical manifestations of alcohol intoxication.

FIRST COUNT

17.     The plaintiff repeats each and every allegation set forth in the Party Identification and

Factual Allegations incorporating herein by reference same Paragraph Nos. 1 though 16 as though fully

set forth at length.

18.     The defendants' conduct has violated both the Americans with Disabilities Act

("A.D.A."), 42 U.S.C. §12101, et seq, and the New Jersey Law Against Discrimination ("L.A.D."),

N.J.S.A. 10:5-1, et seq which require that, once an employer is advised or acquires understanding that

an employee requires accommodation for a handicapped condition, the employer must engage in a

good faith attempt to identify and implement such accommodations.

19.     The defendants failed and refused to engage in such investigatory process maintaining,

instead, that the hours of Harris' employment were immutable and non-flexible.

20.     In addition to its failure to address, much less provide, handicapped accommodation,

the defendants decided to terminate Harris, whose request for accommodations continued

throughout the post surgery months, thereby prompting defendants to orchestrate a subterfuge

baptizing its decision to terminate employment with legitimacy.

21.     Harris alleges that her termination from employment by defendants effective June 12,

2017 was in retaliation for her continuing demands for handicapped accommodation.

22.     Harris has suffered legal damages incidental to both defendants' failure to provide,

much less even address, plaintiff's need for handicapped accommodation and defendants' wrongful

termination of Harris from employment under the despicable allegation that she had appeared for

work on same date while impaired by alcohol intoxication.

SECOND COUNT

23.     The plaintiff repeats each and every allegation set forth in the preceding Count

incorporating herein by reference same Paragraph Nos. 16 though 22 as though fully set forth at length.

24.     The defendants are also liable to plaintiff for monetary damages and equitable relief premised on her allegation that the discharge from employment was motivated by age discrimination contra the L.A.D.

25.     Upon information and belief, business at defendants' Southampton Center was in financial decline, and the pretext to discharge Harris for appearing impaired by alcohol provided defendants a most useful opportunity to remove, from its payroll, a highly paid employee.

26.     The defendants are liable to the plaintiff for wrongful termination motivated by age discrimination contra the L.A.D., for which legal damages and equitable relief Harris seeks by this

THIRD COUNT

27.     The plaintiff repeats each and every allegation set forth in the preceding Counts incorporating herein by reference same Paragraph Nos. 16 though 26 as though fully set forth at length.

28.     The publication of cause warranting defendants' discharge of plaintiff will, most probably, be communicated to prospective employers and third party inquirers.

29.     The plaintiff seeks judicial determination pursuant to the New Jersey Declaratory Judgment Act ("D.J.A."), N.J.S.A. 2A:16-50, et seq, that Harris did not appear for work on Monday, June 12, 2017 impaired by alcohol intoxication, which declaratory judgment would restore plaintiff's good employment name and facilitate her being able to obtain new employment.

FOURTH COUNT

30.     The plaintiff repeats each and every allegation set forth in the preceding Counts incorporating herein by reference same Paragraph Nos. 16 through 29 as though fully set forth at

length.

31.     The plaintiff is entitled, pursuant to both the L.A.D. and A.D.A., to recover reasonable attorney fees and incurred legal costs incidental to the prosecution of this litigation, for

WHEREFORE, the plaintiff demands judgment against the defendants for equitable relief which would include, but not be limited to, restoration of employment position with sufficient safeguards against future attempts of retaliatory termination; for recovery of damages which would include, but not be limited to, lost wages incurred and emotional distress endured; for recovery of reasonable attorney fees and incurred legal costs incidental to the prosecution of civil rights claims identified within this pleading; and for such further relief as may be deemed appropriate although not explicitly requested herenow.

RULE 4:5-1 CERTIFICATION

Pursuant to N.J. Court Rule 4:5-1, the undersigned hereby states that the within matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. To the best of plaintiff's belief, no other judicial actions or arbitration proceedings are contemplated. Further, other than the parties set forth in this pleading, the undersigned knows of no other party that should be joined in the above action. Finally, the undersigned recognizes the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

JURY DEMAND

The plaintiff hereby demands a trial by a jury of twelve (12) persons on all issues as provided by N.J. Court Rule 1:8-1 as made specifically applicable to the Law Division pursuant to N.J. Court Rule 4:35-1.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John F. Pilles, Jr., Esq. as trial counsel.

## RESERVATION OF CLAIMS

Plaintiff reserves the right to add any additional claims, counts or parties as same may become known during the course of this litigation.

Dated: 8/15/2017

John F. Pilles, Jr.
Attorney for Plaintiff

## CERTIFICATION OF VERIFICATION

The undersigned plaintiff, identified in this pleading, hereby certifies in compliance with N.J. Court Rules 1:4-4(b) and 1:4-7 that she has read the within complaint and that the allegations set forth therein are true to the best of her knowledge and belief. The undersigned further certifies that the foregoing statements made by her are true and she is aware that if any of the foregoing statements made by her are wilfully false, she is subject to punishment.

Dated: 8/15/2017

BARBARA A. HARRIS

**Exhibit "B"**

File No. 13672-0017

**Law Offices**
**PARKER McCAY P.A.**
**Elizabeth E. Garcia, Esquire**
**ID No. 015562000**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey  08054-5054**
**(856) 596-8900**
Attorneys for Defendants, The Select Medical Corporation, Novacare Rehabilitation and
Kelly Kover

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARBARA A. HARRIS,<br><br>       Plaintiff,<br><br>         v.<br><br>THE SELECT MEDICAL<br>CORPORATION; NOVACARE<br>REHABILITATION; KELLY KOVER,<br>JOHN DOE AND RICHARD DOE<br><br>       Defendant(s). | CIVIL ACTION NO. |

**<u>NOTICE OF FILING OF REMOVAL</u>**

**TO:**

| | |
|---|---|
| William T. Walsh<br>Clerk of Court<br>Mitchel H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets<br>Room 1050<br>Camden, New Jersey  08101 | John F. Pilles, Jr., Esquire<br>Lumberton Holly Office Center<br>774 Eayrestown Road, Suite L1<br>Lumberton, New Jersey  08048<br>Attorney for Plaintiff |

## CERTIFICATION OF FILING AND SERVICE

I am employed by the law firm of Parker McCay P.A., Attorneys for Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover.  The within Notice of removal was electronically filed with the Clerk of the United States District Court of New Jersey, located at Mitchell H Cohen Courthouse, 4th & Cooper Streets, Room 1050, Camden, New Jersey  08101, and I served the within documents, by regular & certified mail to:

> John F. Pilles, Jr., Esquire
> Lumberton Holly Office Center
> 774 Eayrestown Road, Suite L1
> Lumberton, NJ 08048
> Attorney for Plaintiff

and by Electronic Filing to:

> Clerk
> Superior Court of New Jersey
> 1[st] Floor, Courts Facility
> 49 Rancocas Road
> P.O. Box 6555
> Mt. Holly, NJ 08060

> **PARKER McCAY P.A.**
> Attorneys for Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover

> By:  *s/Elizabeth M. Garcia*
>     ELIZABETH M. GARCIA, ESQUIRE

Dated:  October 23, 2017

LAW OFFICE
PARKER McCAY P.A.

2

**PLEASE TAKE NOTICE THAT ON** _____, Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover filed a Notice of removal in the United States District Court for the District of New Jersey, Camden Vicinage, to remove the above captioned action from the Superior Court of New Jersey, Law Division, Burlington County entitled <u>Barbara A. Harris v. The Select Medical Corporation, Novacare Rehabilitation, Kelly Kover, John Doe and Richard Doe</u>, Docket No. BUR-L-1836-17.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Filing is given pursuant to the provisions of 28 <u>U.S.C.</u> § 1441. Accompanying this Notice is a copy of the Notice of Removal so filed with the United States District Court for the District of New Jersey, Camden Vicinage.

Respectfully submitted,

**PARKER McCAY P.A.**
Attorneys for Defendants, The Select Medical Corporation, Novacare Rehabilitation and Kelly Kover

By: *s/Elizabeth M. Garcia*
ELIZABETH M. GARCIA, ESQUIRE

Dated: October 23, 2017